CLEVELAND BAR ASSOCIATION *v.* SWEENEY.

[Cite as *Cleveland Bar Assn. v. Sweeney* (1994), 71 Ohio St.3d 197.]

(No. 94–487—Submitted September 13, 1994—Decided December 20, 1994.)

200

*Thomas H. Terry III, Thomas Skulina* and *Mary L. Cibella,* for relator. *William T. Doyle,* for respondent.

ALICE ROBIE RESNICK, J. This court accepts the board's findings of fact and conclusions of law. However, we modify the recommendation in two respects. First, we increase respondent's period of suspension from one year to two years with one year of that term suspended. Second, we condition respondent's reinstatement upon the requirement that he make full restitution of all outstanding claims identified and proven in the within disciplinary action. Accordingly, respondent is suspended from the practice of law for a period of two years with one year suspended, placed on two years of monitored probation, and required to make full restitution as outlined above. Costs taxed to respondent.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

F.E. SWEENEY, J., not participating.

MOYER, C.J., dissenting. I am unable to agree with the sanction imposed by the majority and, therefore, respectfully dissent.

The majority opinion sets forth a pattern of conduct beginning five years after respondent's admission to the bar of Ohio that caused the Cleveland Bar Association to recommend that respondent be disbarred from the practice of law in Ohio. His conduct ranged from filing an action and settling a claim without a party's approval; failure to obtain valid service on behalf of a client; failure to pay costs to a federal appeals court; failure to cooperate with discovery requests, thereby causing a client's case to be dismissed; and the assessment of double court costs for the filing of a "deceptive" and "misleading" brief in a federal court of appeals. The counts in the complaint upon which respondent is sanctioned are not isolated incidents, nor are they explained by some external events in respondent's life. Respondent's excuses place blame on other parties.

A lawyer whose pattern of conduct has caused the Board of Commissioners on Grievances and Discipline to conclude that he has: engaged in conduct prejudicial to the administration of justice; engaged in conduct adversely reflecting upon his fitness to practice law; failed to prepare a legal matter properly; knowingly advanced a claim or defense that is unwarranted; and knowingly made a false statement of law or fact, should not receive a sanction from this court that enables the lawyer to be readmitted to the practice of law without a review by the discipline process pursuant to Gov.Bar R. V(10). I would therefore indefinitely suspend respondent from the practice of law.

WRIGHT, J., concurs in the foregoing dissenting opinion.